UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Effectively Illuminated Pathways LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 2:10-cv-00539-TJW |
| vs. | § § | |
| Lowe's Home Centers, Inc., | § § | Jury Trial Demanded |
| Defendant. | § § | |

## Lowe's Answer to Plaintiff's Amended Complaint for Patent Infringement

Defendant Lowe's Home Centers, Inc. ("Lowe's"), by its attorneys, serves and files this Answer to the correspondingly numbered paragraphs of the Amended Complaint by Plaintiff Effectively Illuminated Pathways LLC ("Plaintiff").

## ANSWER

### Parties

1. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 1 and accordingly denies the same.

2. The allegations of paragraph 2 are admitted.

### Jurisdiction and Venue

3. Lowe's admits the Amended Complaint purports to set forth an action for patent infringement arising under the laws of the United States. Lowe's admits that this Court has jurisdiction over the subject matter of the Amended Complaint, but denies any wrongdoing or infringement. The remaining allegations of paragraph no. 3 are denied.

4. Lowe's admits that venue is proper in this district as to Lowe's. The remaining allegations of paragraph no. 4 are denied.

5. Lowe's admits jurisdiction but denies infringement. Lowe's denies the remaining allegations of paragraph no. 5.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,580,228

6. With regard to the allegation of paragraph 6, Lowe's admits that on its face, United States Patent Number 6,580,228 (the '228 Patent") states that it issued on June 17, 2003, and is entitled "Flexible Substrate Mounted Solid-State Light Sources for Use in Line Current Lamp Sockets." Lowe's denies the remaining allegations of paragraph 6.

7. Lowe's denies the allegations of paragraph no. 7.

8. Lowe's denies the allegations of paragraph no. 8.

9. Lowe's denies the allegations of paragraph no. 9.

10. Lowe's denies the allegations of paragraph no. 10.

## PRAYER FOR RELIEF

(A-F) Lowe's denies the relief requested and denies the remainder of the allegations with respect to Lowe's, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and accordingly denies the same.

## AFFIRMATIVE DEFENSES

1. **First Affirmative Defense**. Lowe's does not infringe, and at all times relevant to this action, has not infringed upon any valid and enforceable claim of the '228 Patent ("the Patent").

2.  **Second Affirmative Defense**. The Patent, including all of the claims, is invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to §§ 101, 102, and 103.

3.  **Third Affirmative Defense**. The Patent, including all of the claims, is invalid for failure to comply with the requirements of 35 U.S.C. § 112.

4.  **Fourth Affirmative Defense**. The Amended Complaint fails to state a claim upon which relief can be granted.

5.  **Fifth Affirmative Defense**. Plaintiff is estopped by reason of the prosecution of the application of the Patents in the United States Patent & Trademark Office to assert for the Patent a claim construction that would cause the Patent to cover or to include any product involving Lowe's.

6.  **Sixth Affirmative Defense**. Plaintiff's claims for infringement of the Patent are barred by the equitable doctrines of laches, estoppel, and acquiescence.

7.  **Seventh Affirmative Defense**. Plaintiff's claims are barred in whole or in part by failure to mark pursuant to 35 U.S.C. § 287.

8.  **Eighth Affirmative Defense**. Plaintiff's claims are barred in whole or in part pursuant to the limitations period of 35 U.S.C. § 286.

## COUNTERCLAIMS

1.  Lowe's files these Counterclaims for declaratory judgment of patent invalidity and noninfringement and would respectfully show as follows.

## PARTIES

2. Defendant and Counter-Plaintiff Lowe's Home Centers, Inc. is a corporation with a place of business in Wilkesboro, North Carolina.

3. On information and belief, Plaintiff and Counter-Defendant Effectively Illuminated Pathways LLC, is a Texas limited liability company having a principal place of business of 2500 Dallas Parkway, Suite 260, Plano, Texas 75093.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under 28 U.S.C. §§ 2201 and 2202 in that a claim is presented for declaratory judgment and under 28 U.S.C. § 1338(a) because this claim arises under the laws of the United States relating to patents. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim alleged occurred in this district.

## COUNT I:  PATENT INVALIDITY

5. This count is for a declaratory judgment that the '228 Patent is invalid. Counter-Defendant Effectively Illuminated Pathways LLC alleges in this lawsuit that it is the owner of the '228 Patent, and that Counter-Plaintiff has infringed the patent.

6. The '228 Patent is invalid for failing to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, and 103, including but not limited to:

(a) The subject matter claimed in the Patent is not new or useful as required by 35 U.S.C. § 101.

(b) The subject matter claimed in the Patent was patented or described in a printed publication in this or a foreign country before the alleged invention thereof by the patent applicant and, therefore, was unpatentable pursuant to 35 U.S.C. § 102(a).

(c) The subject matter claimed in the Patent was patented or described in a printed publication in this or a foreign country more than one year prior to the effective filing date of the patent application and, therefore, was unpatentable pursuant to 35 U.S.C. § 102(b).

(d) The subject matter claimed in the Patent would have been obvious at the time of the alleged invention by the patent applicant to a person having ordinary skill in the art to which the subject matter pertains and, therefore, was unpatentable pursuant to 35 U.S.C. § 103.

7. The Patent is also invalid for failing to comply with one or more of the requirements of 35 U.S.C. § 112 including but not limited to the written description requirement, best mode requirement, and enabling disclosure requirement. Further, the Patent is invalid for failing to particularly point out and distinctly claim the subject matter which the applicant regards as his invention.

## COUNT II: NONINFRINGEMENT

8. This count is for a declaratory judgment that Defendant and Counter-Plaintiff does not infringe upon the Patent.

9. Defendant and Counter-Plaintiff does not infringe, and at all times have not infringed, contributed to infringement, or induced infringement of any valid or enforceable claim of the Patent.

## PRAYER

Lowe's prays that:

(a) Plaintiff's Amended Complaint against Lowe's be dismissed with prejudice and Plaintiff take nothing by way of this action;

(b) Judgment be entered in favor of Lowe's against Plaintiff declaring that each claim of the Patent is invalid;

(c) Judgment be entered in favor of Lowe's against Plaintiff declaring that Lowe's does not infringe upon any claim of the Patent;

(d) Judgment be entered enjoining Plaintiff, its officers, agents, representatives, employees, and attorneys, and those in active concert or participation with it, from asserting or attempting to enforce any claim of the Patent against Lowe's or its customers;

(f) Judgment be entered in favor of Lowe's against Plaintiff and finding that this is an exceptional case based on Plaintiff's conduct and that Lowe's is entitled to recover its attorneys' fees and costs under 35 U.S.C. § 285; and

(g) Lowe's have such other and further relief this Court deems just and proper.

Defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

s/ Phillip B. Philbin
Phillip B. Philbin
phillip.philbin@haynesboone.com
Texas State Bar No. 15909020
HAYNES AND BOONE, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

ATTORNEYS FOR LOWE'S HOME CENTERS, INC.

## **CERTIFICATE OF SERVICE**

      On February 9, 2011, I electronically submitted the foregoing document to the clerk of the U.S. District Court for the Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                        s/ Phillip B. Philbin
                                                        Phillip B. Philbin